

"UNDER SEAL"

FILED
CHARLOTTE, NC

JUL 19 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:22cr181 |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| (1) VIACHESLAV ALEXANDROVICH BASOVYCH | ) | 18 U.S.C. § 1349 |
| a/k/a "Concordo" | ) | 18 U.S.C. § 1029(a)(2) |
| | ) | 18 U.S.C. § 1956(h) |
| ▇▇▇▇▇▇▇▇▇▇▇▇ | ) | |
| | ) | |

THE GRAND JURY CHARGES:

At all times material to this Indictment:

## INTRODUCTION

1. From no later than October 2013 through at least February 2022, defendant VIACHESLAV ALEXANDROVICH BASOVYCH, also known as "Concordo," conspired with others to engage in an international carding scheme in which he caused numerous fraudulently-obtained credit and debit cards to have small, unlikely-to-be-noticed charges applied. Through the conspiracy, the co-conspirators caused over $1.8 million in charges through over 148,000 fraudulent transactions, including approximately 5,199 charges using credit and debit cards from victims located in Charlotte, North Carolina. Defendants BASOVYCH, ▇▇▇▇▇▇▇▇▇▇▇▇, and other persons known and unknown to the Grand Jury conspired to launder and conceal the proceeds of the scheme.

2. The term "carding" refers to various criminal activities associated with stealing financial information and personal identification information belonging to other individuals, including information associated with credit cards, bank cards, debit cards, or other access devices (collectively, "payment cards")—and using that information to obtain money, goods, or services without the victims' authorization and consent. The stolen payment card information often includes, among other things, the card type (e.g., credit or debit), account holder's name, account number, card verification value or code ("CVV" or "CVC"), and the expiration date of the card.

## RELEVANT ENTITIES AND INDIVIDUALS

3. VIACHESLAV ALEXANDROVICH BASOVYCH, who also used the alias name "Concordo," was a Ukrainian national who resided in Ukraine.

4.      Finex Business LTD was a private limited company with its registered office in Watford, United Kingdom and was incorporated on October 20, 2015, with BASOVYCH as its Director.

6.      ▭▭▭▭▭▭▭ was an Indiana limited liability company with its principal office in Constantine, Michigan and was created on October 18, 2006. By no later than March 20, 2020, ▭▭▭▭ was the President of ▭▭▭▭▭▭.

7.      Individual A was a Ukrainian national who resided in Ukraine. Individual A was primarily responsible for recruiting, supervising and directing witting and unwitting individuals with bank accounts in the United States, commonly known as "money mules," including HELMAN, to transfer the illicit funds obtained in frauds overseas.

8.      Financial Institution 1 was a federally chartered credit union headquartered in Charlotte, North Carolina, the accounts of which were insured by the National Credit Union Share Insurance Fund (NCUSIF) and which operated in and the activities of which affected interstate and foreign commerce and which issued, owned, managed, and controlled access devices.

9.      The "Carding Victims" were individuals located throughout the United States who maintained accounts at various financial institutions throughout the United States, including Financial Institution 1, and were issued access devices, including credit cards and debit cards, linked to the accounts held by those financial institutions.

10.     Carding Victim R.S. was a resident of Mooresville, North Carolina, and maintained a deposit account with Financial Institution 1.

11.     Carding Victim H.D. was a resident of Charlotte, North Carolina, and maintained a deposit account with Financial Institution 1.

12.     Carding Victim D.W. was a resident of Charlotte, North Carolina, and maintained a deposit account with Financial Institution 1.

13.     Carding Victim E.A. was a resident of Charlotte, North Carolina, and maintained a deposit account with Financial Institution 1.

14.     Carding Victim K.B. was a resident of Charlotte, North Carolina, and maintained a deposit account with Financial Institution 1.

15.     Carding Victim D.M. was a resident of Charlotte, North Carolina, and maintained a deposit account with Financial Institution 1.

## THE CARDING SCHEME

16.     BASOVYCH fraudulently obtained payment card information and associated personally identifiable information ("PII"), including names, account numbers, and other information, for numerous payment cards associated with the Carding Victims.

17.     BASOVYCH partnered with Individual A to direct money mules, including HELMAN, to open and control corporate bank accounts at numerous U.S. financial institutions, including in the name of ▮▮▮▮▮▮▮▮▮▮

18.     BASOVYCH caused corporate merchant accounts to be opened with financial services and payment processing companies and linked those merchant accounts with the bank accounts under HELMAN's control.

19.     BASOVYCH placed and caused to be placed unauthorized charges, often between $7 and $15, from the merchant accounts under his control against the Carding Victims' payment cards, and the unauthorized charges were approved by the payment card issuers.

20.     The funds from the unauthorized charges applied by the merchant accounts under BASOVYCH's control against the payment cards of the Carding Victims were paid to the corporate bank accounts under the control of the money mules, including ▮▮▮▮▮▮.

21.     ▮▮▮▮▮▮ laundered the fraud proceeds at BASOVYCH's and Individual A's direction by transferring and causing to be transferred the fraudulently-obtained funds to centralized bank accounts, then to international bank accounts under BASOVYCH's access and control, including bank accounts in the name of Finex Business LTD; to foreign money service businesses; and elsewhere. ▮▮▮▮▮▮ often provided fake purposes for the payments to the financial institutions, such as "Payment for Equipment" or "Electronics," to prevent the financial institutions from rejecting the wires as fraudulent, often at BASOVYCH's and Individual A's direction.

22.     For example, BASOVYCH placed and caused to be placed unauthorized charges against the following Carding Victims' debit cards on the dates and in the amounts described below:

|    | ON OR ABOUT DATE | CHARGE | VICTIM |
|----|------------------|--------|--------|
| a. | March 2, 2019    | $10.92 | R.S.   |
| b. | April 27, 2019   | $10.11 | H.D.   |
| c. | July 23, 2019    | $10.21 | D.W.   |
| d. | January 8, 2020  | $10.45 | K.B.   |
| e. | February 25, 2020| $7.75  | E.A.   |
| f. | December 27, 2020| $7.30  | D.M.   |

# COUNT ONE
## 18 U.S.C. § 1349
### (Conspiracy to Commit Wire Fraud)

23. Paragraphs 1 through 22 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

24. From no later than October 2013 through at least February 2022, within the Western District of North Carolina and elsewhere, the defendant,

**(1) VIACHESLAV ALEXANDROVICH BASOVYCH**
a/k/a "Concordo,"

and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree to commit offenses against the United States, to wit, wire fraud in violation of 18 U.S.C. § 1343.

*Object of the Conspiracy*

25. It was a part and an object of the conspiracy that defendant BASOVYCH and others known and unknown to the Grand Jury, having devised the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, for the purpose of executing and attempting to execute the scheme and artifice, would and did cause to be transmitted by means of wire communications in interstate commerce any writing, signal, or sound, in that, among other things, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing said schemes and artifices, in violation of Title 18, United States Code, Section 1343.

*Manner and Means of the Conspiracy*

26. The conspirators carried out the conspiracy through the manner and means set forth in Paragraphs 16 through 22 of this Bill of Indictment, among others.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## 18 U.S.C. § 1029(a)(2)
## (Access Device Fraud)

27.     Paragraphs 1 through 22 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

28.     From January 1, 2020 to on or about December 31, 2020, within the Western District of North Carolina and elsewhere, the defendant,

**(1) VIACHESLAV ALEXANDROVICH BASOVYCH**
a/k/a "Concordo,"

knowingly and with intent to defraud, did use one or more unauthorized access devices, to wit, payment card account numbers and card verification values, during a one-year period, and by such conduct did obtain things of value aggregating $1,000 or more during that period, to wit, approximately $275,076.40 in funds from numerous access devices, including but not limited to Financial Institution 1 access devices in the names of K.B., E.A., and other Carding Victims, said use affecting interstate and foreign commerce.

All in violation of 18 U.S.C. § 1029(a)(2).

## COUNT THREE
## 18 U.S.C. § 1956(h)
## (Conspiracy to Commit Money Laundering)

29.     Paragraphs 1 through 22 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

30.     From on or about October 1, 2013 through at least February 2022, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) VIACHESLAV ALEXANDROVICH BASOVYCH**
a/k/a "Concordo" and
█████████████████████,

did knowingly combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit one or more offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957.

*Objects of the Conspiracy*

31.     The objects of the conspiracy were for the defendants and others known and unknown to the Grand Jury:

5

a. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer one or more monetary instruments and funds involving the proceeds of specified unlawful activity, that is, (i) wire fraud in violation of Title 18, United States Code, Section 1343 and (ii) access device fraud in violation of Title 18, United States Code, Section 1029, from a place in the United States to or through a place outside the United States, that is, out of ▇▇▇▇▇▇'s accounts to overseas recipients, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

b. to knowingly engage and attempt to engage in one or more monetary transactions by, through and to one or more financial institutions, affecting interstate and foreign commerce, in criminally-derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is, (i) wire fraud in violation of Title 18, United States Code, Section 1343 and (ii) access device fraud in violation of Title 18, United States Code, Section 1029, in violation of 18 U.S.C. § 1957(a).

### *Manner and Means of the Conspiracy*

32. The conspirators carried out the conspiracy through the manner and means set forth in Paragraphs 16 through 22 of this Bill of Indictment, among others.

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. §§ 982 and 28 U.S.C. § 2461(c). Under § 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C). The following property so subject to forfeiture in accordance with sections 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in Counts One and Two of this Bill of Indictment;

b. All property involved in the violations set forth in Count Three of this Bill of Indictment; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) and (b) cannot be located upon the exercise of due diligence, has been transferred or sold do, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment for all currency and monetary instruments that were involved in the crimes alleged in this Bill of Indictment, including but not limited to the sum of approximately $1,853,835.11.

A TRUE BILL:

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

GRAHAM BILLINGS
ASSISTANT U.S. ATTORNEY